# City Furniture Co. v. Simmons, Durham & Co.

*Statutory Trial of the Right to Property.*

1. *Judgment, as evidence of debt.*—A judgment is not evidence of an indebtedness existing prior to to its rendition.

2. *Fraudulent conveyance; as to subsequent creditors.*—A sale or transfer of property by a debtor can not be successfully assailed by a subsequent creditor of the vendor or grantor, except upon proof of actual fraud.

3. *Same; transfer of partnership property; statutory claim suit.*—On the levy of an execution upon a stock of goods which was in the pos-

[City Furniture Co. v. Simmons, Durham & Co.]

session of the defendant in execution, the wife of the defendant interposed a claim to the property levied upon, upon the trial of which suit the following facts were disclosed: The stock of goods levied upon was originally conveyed by the owner to three purchasers, who conducted the business under a particular firm name. Two of these purchasers retired from the business, and sold each of their respective interests at different times to the remaining member of the firm, and each of the bills of sale recited that the respective interest was sold to the defendant in execution as the agent of the claimant. The claimant's own money was used in the purchase of the one-third interest in the original purchase and all subsequent increases arose from the collection of the accounts and sales from the stock of goods. Before the accrual of plaintiff's debt the sale of the defendant as agent of the claimant was made by the two other original purchasers. At the time of the levy of the execution the defendant was in posession of the stock of goods, but he disclaimed ownership of the goods and declared that they belonged to the claimant, and she claimed them under the original purchase and subsequent transfers.. *Held.* that the claimant was shown to be the real owner of the property levied upon, and was entitled to a judgment in her favor.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was a statutory claim suit. The facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment in favor of the plaintiff. From this judgment claimant appeals, and assigns the same as error.

TROTTER & MCADORY and L. Y. LIPSCOMB, for appellants.—1. Where an execution is issued against one member of a firm and is levied upon certain chattels belonging to the firm as the individual property of that member if the other partner files a claim affidavit, the judgment of the claim issue, must be against the plaintiff in execution and for the claimant.—*Tait v. Murphy*, 80 Ala. 440; *Fancher Bros. & Co. v. Bibb Furnace Co.*, 80 Ala. 485; *Daniel v. Owens & Co.*, 70 Ala. 297; *Farley v. Moog*, 79 Ala. 148 *Fields v. Brice*, 108 Ala. 632; 2 Bates on Partnership, § 1101.

2. Where a husband uses his wife's money in building up a business, he can turn the entire business he has thus built up to his wife without wronging any of

his existing creditors.—*Tilford v. Torrey*, 53 Ala. 120; *Heath v Slocum*, 9 Atl. Rep. 259.

3. Where the evidence shows that every cent of the money used by the husband in business belonged to the wife, not a cent of his money having gone into the business, on a trial of a claim suit between the plaintiff in execution against the husband and the wife, the wife is entitled to verdict unless the plaintiff can show that she loaned the money to him.—Code, § 3004; *Lewis v. Montgomery B. & L. Asso.*, 70 Ala. 276; *Tilford v. Torrey*, 53 Ala. 120; 10 Amer. & Eng. Encyc. of Law, 37.

KERR & HALEY, *contra* cited,*Humes v. O'Bryan*,74 Ala. 80; *Daffron v. Crump*, 69 Ala. 78; *Kelley v Connell*, 110 Ala. 543; 17 Amer. Eng. Encyc. of Law, 134.

COLEMAN, J.—On the 11th December, 1893, Simmons, Durham & Co., recovered a judgment against E. A. Little, upon which an execution was issued on the 13th day of November, 1895. This execution was levied on the 21st of November upon a certain lot of furniture as the property of the defendant. The City Furniture Company claimed the property levied upon, and gave bond for the trial of the right of property. The real question at issue was whether E. A. Little, the defendant in execution, or his wife C. S. Little was the owner and proprietor of the property and business of the City Furniture Company, and carried on a mercantile business in that name. When the officer entered the store, he found E. A. Little in possession and in charge, apparently, as the owner, but he at the time disclaimed ownership, and stated that the goods belonged to his wife C. S. Little; and he was in charge of the store and bussiness as her agent and manager. Prior to January, 1893, the furniture business carried on at the same place belonged to S. R. Bains. On the 17th of January, 1893, Bains sold out the entire business to W. H. Null and O. W. Wilson, and either E. A. Little, the defendant in execution, or to him as agent for C. S. Little, the real claimant. The firm thus composed, adopted the name of The City Furniture Company, and under this name the busines has contined to the present time. On June 5th, as shown by the bill of sale, W. H. Null retired and sold his interest to The City Furniture Company.

and on the 4th of September 1893, O. W. Wilson retired and sold his interest to The City Furniture Company. By these two transfers and sales, only one member of the firm remained, which continued the business in the name of The City Furniture Company; and the question is, whether that member, at the time of the levy, was the defendant in execution or his wife, C. S. Little. The court determined the issue, without the intervention of a jury, in favor of the plaintiff.

The original purchase from Bains occurred in January, 1893, and the purchase from Null and Wilson occurred, respectively, in June and September, 1893. The plaintiff recovered judgment in December, 1893, some months after each of these transactions. A judgment is not evidence of an indebtedness prior to its rendition. All the evidence in the abstract tending to show that E. A. Little was indebted to plaintiff prior to the date of the rendition of the judgment is to be found in the statement of the witness Haley, "that the account on which the judgment was rendered, was placed in his hands for collection a month or two before suit was brought thereon." This is insufficient to show that plaintiffs were existing creditors prior to or at the time of any of the several transactions with Bains, or the two members of the firm, Null and Wilson. A sale or transfer of property cannot be assailed successfully by a subsequent creditor of the vendor or grantor, except upon proof of actual fraud. Notwithstanding Wilson testifies that he sold to E. A. Little, the bill of sale executed by him is made to E. A. Little as the agent of Mrs. C. S. Little, and to the same effect is the testimony and bill of sale of the witness Null. This witness testifies that at the time of his sale, he did not execute a bill of sale in writing, but that some time after it was sent to him for signature; and it was made in favor of E. A. Little as the agent of C. S. Little. Wilson testifies that "he heard E. A. Little say that Mrs. Little's money went into the business, but that he understood he borrowed it from her." Null would not deny that E. A. Little told him that his wife's money was in the business. That C. S. Little in her own right had five hundred dollars in bank to her credit, which was deposited to the credit of The City Furniture Company, and went into that business at the time of the purchase from Bains, we think very satisfac-

torily established. That neither Null nor Wilson contributed any more is also established. That all subsequent payments and increases in the business accrued from collections of accounts purchased from Bains and from sales of merchandise in stock, is established beyond controversy. It matters not who Bains sold to or who Null and Wilson regarded as their partners. It is evident that before the accrual of plaintiff's debt, C. S. Little became the sole owner of the City Furniture Company. The transfer and sale to E. A. Little as the agent of C. S. Little by both Null and Wilson is shown by the bills of sale. The investment of five hundred dollars of the money of C. S. Little at the formation of the partnership is shown by the books of the bank, and that E. A. Little and C. S. Little kept separate bank accounts is also established without controversy, and the declaration of E. A. Little at the time of the levy that the property belonged to C. S. Little leads to but one conclusion.

The only opposing evidence consists in statements made by E. A. Little, made by him in the absence of C. S. Little, and without her knowledge, and were admissible only to contradict and impeach his testimony. Considering only the legal evidence, we are constrained to a different conclusion from that reached by the trial court.

A judgment will be here rendered annulling the judgment of the trial court, and one will be rendered in favor of the claimant.

Reversed and rendered.